Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| TOYOTA CREDIT DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Recurridos | KLCE202301443 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso número: HU2023CV00446<br><br>Sobre: Impugnación de Confiscación (Ley Núm. 119-2011) |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece la parte peticionaria, Toyota Credit de Puerto Rico, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 24 de octubre de 2023, notificada el 30 del mismo mes y año. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud de sentencia sumaria promovida por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

I

El 30 de marzo de 2023, Universal Insurance Company (Universal)[1] y Toyota Credit de Puerto Rico (Toyota Credit o peticionaria) incoaron una *Demanda* sobre impugnación de confiscación en contra del Estado Libre Asociado de Puerto Rico (ELA o recurrido), el Secretario del Departamento de Justicia de Puerto Rico y el Superintendente del Negociado de la Policía

---

[1] Cabe destacar que, el 14 de agosto de 2023, el Tribunal de Primera Instancia emitió una *Sentencia Parcial de Archivo por Desistimiento sin Perjuicio*, a favor de Universal. Véase, Anejo 12 del recurso, pág. 52.

de Puerto Rico.[2] Indicaron que les habían notificado sobre la confiscación de un vehículo marca Toyota, modelo Corolla, del año 2021, con tablilla JPQ-313. Alegaron que Toyota Credit poseía interés en dicho bien mueble ya que había suscrito con el titular del vehículo, Kenneth N. Arroyo Rodríguez (Arroyo Rodríguez), un contrato de venta condicional. Arguyeron que dicho gravamen se encontraba debidamente inscrito en el Registro de Automóviles del Departamento de Transportación y Obras Públicas. De otro lado, adujeron que el interés de Universal en el referido automóvil surgía de una póliza de seguros expedida a favor de Toyota Credit para cubrir el riesgo de confiscaciones.

Universal y Toyota Credit sostuvieron en la acción de epígrafe que la confiscación en cuestión era nula e ilegal por las siguientes razones: (1) no haberse cumplido con los requisitos exigidos por la Ley Uniforme de Confiscaciones de 2011, Ley Núm. 119-2011, según enmendada, 34 LPRA sec. 1724 *et seq.* (Ley de Confiscaciones); (2) no haberse notificado a todas las partes dentro del término legal aplicable; (3) el vehículo descrito no había sido utilizado en violación a ley alguna que justificara la confiscación de este; (4) no se había violado ninguna disposición de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987, según enmendada, 9 LPRA sec. 3201 *et seq.*; (5) violaba la Enmienda Octava de la Constitución de los Estados Unidos. En la alternativa, esbozaron varios planteamientos sobre la inconstitucionalidad de la Ley de Confiscaciones. En vista de ello, solicitaron que se decretara la invalidez de la confiscación.

Por su parte, el 2 de mayo de 2023, el ELA presentó su alegación responsiva, en la cual, en esencia, negó los planteamientos esbozados en su contra.[3] En particular, negó la falta de notificación de la confiscación en controversia y aseguró que esta se llevó a cabo conforme a la Ley de Confiscaciones. Señaló que la confiscación del automóvil descrito se llevó

---

[2] Anejo 4 del recurso, págs. 26-28.
[3] Anejo 5 del recurso, págs. 33-40.

a cabo el 24 de enero de 2023, toda vez que dicho vehículo fue utilizado en violación a los Artículos 404 y 412 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA secs. 2404 y 2412 (Ley de Sustancias Controladas), el Artículo 246 del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5336, y el Artículo 5.07 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, según enmendada, 9 LPRA sec. 5127. Por otro lado, sostuvo que se debía celebrar una vista de legitimación en donde Toyota Credit y Universal demostraran que poseían el dominio y control sobre el bien confiscado antes de los hechos que motivaron la confiscación; o un interés propietario sobre el bien confiscado; o una cesión valida de tal derecho cónsono con la Ley de Confiscaciones.

Celebrada la vista de legitimación activa,[4] el 31 de agosto de 2023, Toyota Credit instó una *Moción Solicitando Sentencia Sumaria por Notificación Tardía*.[5] En síntesis, sostuvo que la notificación de la confiscación fue tardía, toda vez que se realizó fuera del término de treinta (30) días dispuesto en nuestro ordenamiento jurídico para ello. Especificó que la confiscación en cuestión se realizó el 24 de enero de 2023, mientras que esta fue notificada el 8 de marzo de 2023; es decir, vencido el término para ello. Arguyó que, al así actuar, el ELA incumplió con los requisitos jurisdiccionales establecidos bajo la Ley de Confiscaciones. Por otro lado, citó el Artículo 13 de dicho estatuto, 34 LPRA sec. 1724j, con énfasis en la primera oración del último párrafo, el cual reza como sigue: "En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de

---

[4] El 14 de agosto de 2023, el foro primario emitió una *Resolución y Orden*. En esta, indicó que el ELA se allanó a que se dictara el referido dictamen confiriéndole la legitimación activa a Toyota Credit, conforme a la prueba presentada y admitida en evidencia. Véase, Anejo 13 del recurso, pág. 53.

[5] Anejo 14 del recurso, págs. 54-59. Junto a su escrito, Toyota Credit presentó el siguiente documento: copia de la misiva número M23A0375, con fecha del 7 de marzo de 2023, sobre notificación de confiscación diligenciada el 24 de enero de 2023, enviada a Toyota Credit, con mata sello de correo certificado del 8 de marzo de 2023. Véase, Anejo 14 del recurso, págs. 60-63.

confiscación no excederá de noventa (90) días". Planteó que, en ausencia de que el ELA demostrara que el automóvil previamente descrito se confiscó para fines de una investigación relacionada con cualquiera de las circunstancias contempladas en la precitada oración de la Ley de Confiscaciones, aplicaba el término de treinta (30) días jurisdiccionales a partir de la ocupación del vehículo para notificarla. En virtud de ello, adujo que la confiscación en controversia era nula, por lo que procedía que se declarara Ha Lugar la acción de epígrafe y, en su consecuencia, el vehículo confiscado fuera devuelto.

Por su parte, el 20 de septiembre de 2023, el ELA se opuso.[6] En esencia, sostuvo que la notificación de la confiscación no fue una tardía, conforme lo establecía la Ley de Confiscaciones. Argumentó que el término aplicable al caso de autos era el excepcional de noventa (90) días desde la ocupación de la propiedad. Ello, según adujo, dado a que el vehículo confiscado estaba siendo utilizado en la comisión de delitos tipificados en la Ley de Sustancias Controladas y, por tal razón, se había llevado a cabo una investigación relacionada al trasiego de sustancias controladas. Alegó que tenía hasta el 25 de abril de 2023 para completar la investigación correspondiente y expedir la orden de confiscación. Indicó que, contrario a lo propuesto por Toyota Credit, el término aplicable no se contaba a partir de 24 de enero de 2023, sino desde el 14 de febrero de 2023 cuando la confiscación en el caso de autos fue ordenada. Sobre ello, arguyó que la notificación de confiscación fue depositada en el correo postal el 8 de marzo de 2023, a los veintidós (22) días de ordenada la confiscación en cuestión, por lo que se notificó dentro del término establecido por ley. Planteó que, por lo anterior, el procedimiento de ocupación, investigación,

---

[6] Anejo 15 del recurso, págs. 64-72. El ELA acompañó su moción con los siguientes documentos: (1) copia del *Inventario de Vehículo*, con fecha del 24 de enero de 2023; (2) copia de la *Orden de Confiscación* del 14 de febrero de 2023, con firma de recibo y tasación del 1 de marzo de 2023; (3) cuatro copias de la misiva número M23A0375, con fecha del 7 de marzo de 2023, sobre notificación de confiscación diligenciada el 24 de enero de 2023, enviada a Toyota Credit, Sasha A. Rivera Volmar y a Arroyo Rodríguez, este último a dos direcciones; (4) copia del acuse de recibo de las misivas enviadas a Toyota Credit y a Arroyo Rodríguez, con fecha del 10 de marzo de 2023; (5) copia de las misivas enviadas a Sasha A. Rivera Volmar y a Arroyo Rodríguez, con sello de *Return to Sender; Unclaimed; Unable to Forward* ponchado el 26 de marzo de 2023. Véase, Anejo 15 del recurso, págs. 73-91.

confiscación y notificación de la confiscación se hizo conforme a Derecho y dentro de los términos establecidos por el citado estatuto.

Evaluadas las posturas de las partes, el 24 de octubre de 2023, notificada el 30 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa.[7] En síntesis, determinó que el vehículo objeto del presente pleito fue incautado y retenido hasta culminar una investigación realizada por el ELA, por presuntamente ser utilizado en violación a la Ley de Sustancias Controladas, entre otras infracciones, y fue confiscado el 14 de febrero 2023. Concluyó que, ante dicha investigación de índole penal, al caso de epígrafe le era de aplicación una de las excepciones a la regla general. Particularmente, resolvió que el ELA contaba con el término máximo de noventa (90) días para culminar la investigación y emitir la orden de confiscación, de conformidad con lo dispuesto en el Artículo 13 de la Ley de Confiscaciones, *supra*. Expresó que, culminada la investigación, la parte recurrida contaba con el término de treinta (30) días para notificar la confiscación, contados a partir de la orden de esta última. Sobre ello, dictaminó que la carta de notificación de la confiscación en el caso de autos fue redactada el 7 de marzo de 2023 y depositada mediante correo certificado al día siguiente, en otras palabras, a los veintidós (22) días de emitida la orden de confiscación. En vista de ello, declaró No Ha Lugar la solicitud de sentencia sumaria promovida por Toyota Credit.

En desacuerdo, el 9 de noviembre de 2023, Toyota Credit presentó una *Moción de Reconsideración*,[8] la cual fue declarada No Ha Lugar por el foro *a quo* el 17 y notificada el 22 del mismo mes y año.[9]

Inconforme con dicha determinación, el 19 de diciembre de 2023, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia, Sala de Mayagüez, al determinar que la notificación de la confiscación se realizó dentro del término jurisdiccional dispuesto en la Ley

---

[7] Anejo 2 del recurso, págs. 4-17.
[8] Anejo 3 del recurso, págs. 18-21.
[9] Anejo 1 del recurso, págs. 1-2.

Uniforme de Confiscaciones de 2011, 34 L.P.R.A[.] sec. 1724 *et seq.*

En cumplimiento con nuestra *Resolución* del 9 de enero de 2024, y luego de una prórroga a esos efectos, la parte recurrida compareció mediante *Escrito en Cumplimiento de Orden* el 1 de febrero de 2024.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co*., 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Ins.*, 2023 TSPR 118, 212 DPR ___ (2023); *Oriental Bank v. Caballero García*, 2023 TSPR 103, 212 DPR ___ (2023); *González Meléndez v. Mun. San Juan et al.*, 2023 TSPR 95, 212 DPR ___ (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho

así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra, pág. 8; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su

determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia

Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Picón v. Multinational Life Ins.*, supra; *González Meléndez v. Mun. San Juan et al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Econo y otros*, supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.*, supra.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En síntesis, la parte peticionaria plantea que el Tribunal de Primera Instancia erró al determinar que la notificación de la confiscación del vehículo previamente descrito se realizó dentro del término jurisdiccional dispuesto en la Ley de Confiscaciones. Reitera que el término aplicable al caso de autos para efectuar la notificación de la confiscación es de treinta

(30) días y que la notificación correspondiente se realizó fuera de dicho término, por lo que era tardía. Argumenta que, contrario a lo propuesto por la parte recurrida, no había evidencia alguna de que el automóvil en cuestión fue ocupado con el propósito de llevar a cabo una investigación criminal, pues ello no se indicó en la notificación de la confiscación. Alega que, debido a lo anterior, no aplicaba el término excepcional de noventa (90) días contemplado en la Ley de Confiscaciones y, por tanto, la confiscación era nula.

Hemos evaluado el recurso de epígrafe conforme exige la normativa antes expuesta con particular atención a los criterios que le corresponde utilizar al Tribunal de Apelaciones al momento de revisar determinaciones del foro de instancia, según *Meléndez González et al. v. M. Cuebas,* supra. Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre el planteamiento que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de sentencia sumaria promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar *de novo* los documentos que nos ocupan, coincidimos con que, al adjudicar el asunto, el Tribunal de Primera Instancia actuó de conformidad con las normas que prevalecen en la materia que atendemos. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones